## WEST v. THE STATE.

59  113
134  55
135  814

CRIMINAL LAW.—*Instruction to Jury.*—*Assault and Battery with Intent to Commit Manslaughter.*—On the trial of an indictment for assault and battery with intent to kill and murder A., the court instructed the jury, that, if they found beyond a reasonable doubt, that the defendant, without malice, either expressed or implied, but voluntarily and upon a sudden heat of blood and passion, *unlawfully assaulted and beat* the said A., *in the manner and form charged in the indictment,* this would be an assault and battery with intent to commit manslaughter;

*Held,* that the instruction was erroneous.

SAME.—*Self-Defence.*—To authorize a person to exercise the right of self-defence against an assailant, it is not necessary that the latter should, in fact, contemplate injury either to the person of the former or any member of his family.

From the Dearborn Circuit Court.

*H. D. McMullen*, *F. Adkinson* and *G. M. Roberts*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, C. J.—Indictment against the appellant, for an assault and battery on the body of Ferdinand Esler, with the intent him, the said Ferdinand, to kill and murder.

He was found guilty, and sentenced to the state-prison for two years.

Under a motion for a new trial overruled, the record presents several questions, only two of which are discussed on behalf of the appellant.

1. It is claimed, that the fifth instruction given by the court to the jury is erroneous. It is in the following words:

'"5. The defendant, under the indictment in this case, may be found guilty of an assault and battery with intent to commit manslaughter, if the evidence will justify it. Manslaughter, as defined by the statute, is where one person unlawfully kills a human being, without malice, either express or implied, either voluntarily upon a sudden heat, or involuntarily, but in the commission of some unlawful act. So in this case, if you find beyond a reasonable doubt, that the defendant, without malice, either expressed or implied, but voluntarily, and upon a sudden heat of blood and passion, unlawfully assaulted and beat the said Esler, in the manner and form charged in the indictment, this would be an assault and battery with intent to commit manslaughter."

The charge in the indictment involves two degrees of crime, an assault and battery, and an assault and battery with intent to commit murder. If the defendant is guilty of the last degree, as charged, he is necessarily guilty of the first; but he may be guilty of the first degree, as charged, and not guilty of the last. The instruction complained of tells the jury, that, if the defendant is guilty of the assault and battery as charged, he may be found guilty of the assault and battery with intent to commit

manslaughter. This is erroneous. It probably was an oversight in the judge below; but so it is in the record, and so we must regard it.

2. That part of the tenth charge complained of is in the following words:

"If Esler was insisting upon entering the dwelling-house of defendant, against defendant's will, he had the right to eject Esler from his premises; but, if Esler was unarmed, and was not making violent and threatening demonstrations against defendant, or if the jury find from the evidence, beyond a reasonable doubt, that Esler did not contemplate injury, either to the person of the defendant nor any member of his family, in that event, defendant would not have the lawful right to assail and cut Esler with a sword, butcher-knife, or any deadly instrument; nor would the defendant have the lawful right to pursue Esler on the street after he had been ejected from defendant's premises, and inflict blows upon Esler, as charged in the indictment, if you also find, that Esler was making no effort, while upon the street, to injure the defendant, but, on the contrary, was trying to escape from the defendant."

The following portion of the above instruction is erroneous: "Or if the jury find from the evidence, beyond a reasonable doubt, that Esler did not contemplate injury, either to the person of the defendant nor any member of his family, in that event, the defendant would not have the lawful right to assail and cut Esler with a sword, butcher-knife, or any deadly instrument."

It was not necessary, in point of fact, that Esler did not contemplate injury to the defendant or some member of his family, to authorize the defendant to assert his right of self-defence; if the attack and menaces of Esler upon the defendant were such as to convince a reasonable man, that he intended to take his life, or inflict upon him great bodily injury, and the defendant believed such to be the intention of Esler, the defendant might use such means

as were sufficient to defend himself, even to taking the life of his assailant, although, in fact, Esler did not intend to either take the life of the defendant, or do him or any member of his family any harm.   The trite yet apt example given to illustrate this principle is where one antagonist approaches another, with a gun presented and cocked, in an angry and menacing manner, threatening to take his life, it will justify the one thus assaulted in taking the life of the assailant, although it might be, in point of fact, that the gun was not charged, and that there was really no danger.   The one attacked may act upon appearances, if they are such as to fairly convince a reasonable man, that he is in danger of losing his life, or suffering some great bodily harm.   These principles are well settled.   *Hicks* v. *The State,* 51 Ind. 407 ;   *Wall* v. *The State,* 51 Ind. 453.

For these errors, the judgment is reversed, and the cause remanded with instructions to sustain the motion for a new trial, and for further proceedings.   The clerk will make the proper order for the return of the prisoner.