No. 7987.

## CASE ET AL. *v.* GRIM, ADMINISTRATOR.

PLEADING.—*Promissory Note.—Fraud and Warranty.*—An answer, that the note in suit is one of two given for a grain separator represented and warranted to be good, and that the same would not operate, and was not worth half of the purchase price, does not show a good defence.

SAME.—*Waiver.—Counter-Claim.*—The giving of new notes in renewal of the first notes, upon an agreement that certain defects in the machine should be made good, did not constitute a waiver of the right to a defence or counter-claim for such defects.

SAME.—*Practice.—Error Cured by Verdict.*—If an answer be defective, but a counter-claim for the same cause is well pleaded, and there is a verdict for the defendant on the latter, the error in overruling a demurrer to the answer is immaterial.

SAME.—*Evidence.—Order of Admission.*—The court has a discretion to admit evidence out of the regular order; and, if it does by mistake what it might have done advisedly, it is not error.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.
*C. D. Potter, T. J. Kane* and *T. P. Davis,* for appellee.

Woods, J.—The appellants sued Mahlon Johnson upon a promissory note.   Johnson filed an answer, alleging in substance that the note sued on was one of two notes given for a separator which the plaintiff represented and warranted to be good, but that the same would not operate and was not worth half the price at which it was purchased.   This answer is clearly defective.   It does not show what the price of the machine was, nor that any part of the price had been paid, nor the nature of the defects complained of, and but that they might easily have been remedied.   If the machine was worth half its price, the note was not without consideration.   It is therefore clear that the court erred in overruling the demurrer to this answer.   But the judgment should not be reversed on this account.   The defendant also filed a counter-claim, alleging the same facts stated in the answer and such additional facts as, if proved, entitled the defendant to recover.   The verdict rendered by the jury is a general verdict for the defendant, assessing damages in his favor to an amount named.   This shows conclusively that the verdict was based upon the counter-claim, and that the answer cut no figure.   The error was therefore harmless. *The Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261 ; *Trammel* v. *Chipman,* 74 Ind. 474.

The points made upon the motion for a new trial are not available.   There is evidence tending to support the verdict in every material respect.   It is true that new notes were given, as alleged in the reply, in renewal or instead of the first notes executed for the price of the machine, and the note sued on is one of the new notes, but there is evidence that, when the new notes were given, the defects in the separator were pointed out by the defendant, and it was expressly agreed that they should be made good.   It can not, therefore, be fairly claimed, if this evidence was true, as the jury seems to have regarded it, that the defendant, by taking the new notes, had waived his counter-claim.

Complaint is made that the court permitted the defendant to give testimony in rebuttal, which was not so admissible. The óbjection does not seem to be well taken ; but, if it were, we could hardly reverse the case on that ground, unless, besides the mere fact of its introduction, it were shown that the appellant had probably suffered harm, by reason of not being ready to meet the testimony, as he might have done if it had been introduced in its proper order. The court has a discretion to admit evidence out of the regular order ; and, if it does by mistake what it might have done purposely, the mistake will not be error, unless, under the circumstances, it would have been erroneous to have done the same thing advisedly.

We can not say that the damages are excessive. The counter-claim entitled the defendant to affirmative relief, and there was, therefore, no ground for the motion in arrest of the judgment.

Since the trial and judgment, the defendant has died, and the name of his administrator has been substituted in the record.

The judgment is affirmed, with costs.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.