Bryant v. The State.

Filed June 1, 1886.

◆

No. 13,028.

BRYANT v. THE STATE.

106   549<br>
134   56<br>
134   83<br>
106   549<br>
f167   328

CRIMINAL LAW.—*Indictment.— Motion to Quash.— Practice.*—A motion to quash an indictment as an entirety should be overruled, if any one of the counts therein is sufficient, even though the other counts are defective.

SAME.—*Homicide.—Self-Defence.—Instruction.*—Where the principal defence to an indictment for homicide is self-defence, an instruction that "past threats or conduct of the deceased against the defendant, however violent, will not excuse homicide without a sufficient present demonstration, on the part of the deceased, to authorize the belief on the part of the defendant that the deadly purpose then existed on the part of the deceased to do the defendant great bodily harm, and the fear that it will be executed. The danger must be present, apparent and imminent from the defendant's standpoint at the time; and the killing must be done under a well founded belief that it was absolutely necessary for the defendant to kill the deceased to save himself from death, or to save himself from great bodily harm," is erroneous.

EVIDENCE.—*Order of Proof.—Discretion.*—The admission of evidence in rebuttal which is only proper in chief is not available error.

From the Morgan Circuit Court.

*G. W. Grubbs, M. H. Parks* and *J. P. Allee,* for appellant.
*F. T. Hord,* Attorney General, *E. M. McCord,* Prosecuting Attorney, *G. A. Adams, J. S. Newby* and *N. A. Whitaker,* for the State.

HOWK, C. J.—The indictment in this case charged the appellant with the unlawful homicide of Ezra Shackelford. The indictment contained four counts, whereby appellant was charged in the first count with murder in the first degree, in the second count with murder in the second degree, in the third count with voluntary manslaughter, and in the fourth count with involuntary manslaughter, in the killing of Ezra Shackelford. Upon appellant's arraignment and plea of not guilty, the issues joined were tried by a jury, and a verdict was returned finding him guilty of voluntary manslaughter, as charged in the third count of the indictment, and assessing his punishment at imprisonment in the State's prison for the period of eight years. Over appellant's motions for a new trial and in arrest, the court rendered judgment against him upon and in accordance with the verdict, and from this judgment he now here prosecutes this appeal.

In this court, errors are properly assigned by appellant which call in question the overruling of (1) his motion to quash the indictment, (2) his motion for a new trial, and (3) his motion in arrest of judgment.

Under the first error assigned, appellant's counsel insist in argument that the third count of the indictment, upon which alone the verdict of the jury and the judgment of the trial court are rested, is clearly insufficient. We do not think that this question is properly presented for our decision, by the record of this cause and appellant's assignment of errors thereon. Appellant did not move the court to quash the third count of the indictment, separately from the other counts; but his only motion was to quash the indictment as an entirety. Upon this motion, there was no error in the court's refusal to quash the indictment, if either of the other

counts were sufficient, even though the third count of the indictment might appear to be hopelessly bad. We may add, however, that, although the third count of the indictment could hardly be regarded as a model of good criminal pleading, yet if the question of its sufficiency to withstand appellant's motion to quash, or his motion in arrest, were properly presented for our decision, we would be constrained to hold that the court committed no error in overruling either of such motions.

Under the alleged error of the court, in overruling appellant's motion for a new trial, his counsel first complain of the admission by the court, over proper objections and exceptions, of certain testimony offered by the State in rebuttal, in relation to statements, declarations, admissions and sworn testimony of the appellant as to the transaction upon which the indictment is predicated. It is conceded by counsel that the testimony, so offered and admitted, would have been relevant and competent, if it had been offered by the State in support of its case in chief; but they earnestly insist that the trial court committed a material error against the appellant in the admission of such evidence when offered in rebuttal. This error, however, is not such an one as would authorize or justify the reversal of the judgment. *Merrick* v. *State*, 63 Ind. 327; *Case* v. *Grim*, 77 Ind. 565; *Nave* v. *Flack*, 90 Ind. 205 (46 Am. R. 205).

Some other rulings of the trial court, in the admission of evidence, are complained of here by appellant's counsel; but in the view we take of this case, it is unnecessary for us now to consider these rulings. In his motion for a new trial, appellant assigned as one of the causes that the court had erred in giving the jury certain instructions. One of these instructions reads as follows:

" Past threats or conduct of the deceased against the defendant, howsoever violent, will not excuse homicide, without sufficient present demonstration, on the part of the deceased, to authorize the belief on the part of the defendant that the

deadly purpose then existed, on the part of the deceased, to do the defendant great bodily harm, and the fear that it will then be executed. The danger must be present, apparent and imminent, from the defendant's standpoint at the time; and the killing must be done under a well founded belief that it was absolutely necessary for the defendant to kill the deceased, to save himself from death, or to save himself from great bodily harm."

The instruction quoted is, in no manner, qualified, controlled, rendered nugatory or withdrawn by any other instruction given the jury. Whatever may be said in favor or defence of such instruction, it is very certain that it does not express the law of this State on the subject of the instruction; but, on the contrary, it is directly at variance and in conflict with a number of the decisions of this court. Appellant's counsel complain chiefly, in their brief of this cause, of the law attempted to be declared by the trial court, and made applicable to the case in hand, in the last sentence of the instruction quoted. Confining what we have to say in relation to the instruction, to the complaint and argument of appellant's counsel, the first point to be observed is, that the court has attempted to give the jury the law in relation to justifiable or excusable homicide, and to apply such law to the case under consideration, in a single well-rounded sentence. That the court has failed in such attempt will be readily apparent to any one, who will compare its instruction with what has been said by this court, in a number of its reported decisions.

Thus, the court instructed the jury in the cause now before us, that "the killing must be done under a *well founded belief*," etc. In *Hicks* v. *State*, 51 Ind. 407, in relation to the defendant's effort to justify the homicide, for which he was prosecuted, upon the ground of self-defence, it appeared that the trial court had instructed the jury as follows: "The jury should find in behalf of the defendant, * * * * that the killing was done at a time when the defendant believed, and

had reasonable cause to believe, that by the homicide alone could her own safety be secured."

In commenting on such instruction, and the error of the court predicated thereon, this court there said: "The theory of self-defence is, that the party assailed has the right to repel force by force, and he need not believe that his safety requires him to kill his adversary in order to give him the right to make use of force for that purpose. When his life is in danger, or he is in danger of great bodily harm, or when, from the acts of the assailant, he believes, and has reasonable ground to believe, that he is in danger of losing his life or receiving great bodily harm from his adversary, the right to defend himself from such danger, or apprehended danger, may be exercised by him, and he may use it to any extent which is reasonably necessary. He need not believe that he can only defend himself by taking the life of his assailant. If the death of his assailant results from the reasonable defence of himself, he is excusable, whether he intended that consequence or not, or whether he believed such result was necessary or not."

The doctrine declared in the case cited is the recognized law of this State, in relation to justifiable or excusable homicide on the ground of self-defence; and it has been fully endorsed, approved and acted upon in many of the more recent decisions of this court. *Wall* v. *State,* 51 Ind. 453; *Runyan* v. *State,* 57 Ind. 80 (26 Am. R. 52); *West* v. *State,* 59 Ind. 113; *Presser* v. *State,* 77 Ind. 274; *Batten* v. *State,* 80 Ind. 394; *McDermott* v. *State,* 89 Ind. 187; *Story* v. *State,* 99 Ind. 413.

The doctrine of the cases cited is clearly in conflict with the instruction quoted, and, therefore, it must be held, we think, that such instruction does not contain a correct statement of the law in relation to justifiable or excusable homicide on the ground of self-defence, on which ground appellant rested his defence herein. Other instructions of the court to the jury are complained of as erroneous by appellant's coun-

sel, but, as the judgment must be reversed for the error of law already considered, in giving the jury the instruction quoted, it is certainly unnecessary, and would be unprofitable, we think, for us to consider now and pass upon such other instructions. They are not likely to be given again on a new trial of this cause.

The case against appellant, as made by the evidence appearing in the record, is not by any means a satisfactory one. From our reading of such evidence, without knowledge of any of the witnesses, or any opportunity to see them on the witness stand or to hear them testify, it has seemed to us that the evidence fails to show that appellant, in killing Ezra Shackelford, was or is guilty of any degree of criminal homicide. Recognizing the fact, however, so often adverted to in our decisions, that the jury and the trial court have opportunities and facilities which we can not have for determining the probable truthfulness and value of oral testimony and the credibility of the several witnesses, we forbear to comment further at this time on the case made by the evidence.

For the error of the court in its instruction, heretofore quoted and fully considered in this opinion, it must be held, as we now hold, that appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, and the cause is remanded, with instructions to sustain the motion for a new trial. The clerk of this court will issue the proper notice to the warden of the State's prison to return the defendant to the sheriff of Morgan county.

Filed May 25, 1886.