## A COUNTY AUDITOR CAN NOT GRANT REFUNDERS FOR TAXES PAID UNDER INACCURACIES IN DESCRIPTION.

[Common Pleas Court of Hamilton County.]

### VON SEGGERN v. MEIFELD.

Decided, April 14, 1903.

*Taxes Erroneously Paid—Title May Be Quieted Against Holder of Certificate For—Tender Need Not Be Made—Refunders For Can Not Be Granted.*

1. An action to quiet title may be maintained by an owner against the holder of a certificate for taxes erroneously paid, although such interest has not ripened into an absolute title by a tax deed.
2. A court of equity will grant such relief without requiring the petitioner to tender the amount of taxes due before suit is brought, especially where the sum properly due is uncertain and such tender could only affect the costs.
3. A county auditor can not issue refunders under Sections 1038 and 2800 for mere inaccuracies in description, such as a mistake in the initial of the name of the owner of the subdivision, upon the theory that these amount to "erroneous taxes," or taxes "erroneously collected."

PFLEGER, J.

Taxes were asssesed on lot 7 of *James* F. Corry's subdivision in the name of Maggie Murphy, who was at that time the lessee. There was also in existence a lot 7 of *T.* F. Corry's subdivision in the name of another person upon which the taxes had been regularly paid. The taxes of Maggie Murphy on lot 7 of James A. Corry's subdivision were delinquent for 1896, 1897 and 1898 without penalties, and in 1899 C. H. Wiltsee obtained a certificate for such taxes amounting to $96.58. By some oversight it was described as "T". F. Corry's instead of "James" F. Corry's subdivision. Thereafter the property appeared taxed in Wiltsee's name. Subsequently when paying his taxes Wiltsee discovered the mistake in the initials of the owner of the subdivision and asked a remittur from his bill for the taxes for December, 1899, and June, 1900, which was granted and this was so indicated on

the auditor's books.   He also received a refunder for the $96.58 and surrendered his certificate to the auditor.   The error in the name was thereupon corrected by the auditor, and the taxes from 1896 to 1900 were put back on the duplicate as delinquent, and penalties were added for the years 1897, 1898, 1899 and 1900, amounting in all to $171.28, and these were purchased at delinquent sale by the defendant, J. B. Meifeld.   The plaintiff, as owner, brought suit to quiet title against Meifeld, claiming that the taxes were paid by Wiltsee; that the auditor had no authority to refund the $96.58 or to remit the taxes due in December, 1899, and June, 1900, and that Meifeld had no title whatsoever.   The defendant Meifeld set up his claim and lien for taxes and for all the penalties and interest.   By an amendment he set up a transfer of the surrendered certificate and claimed a lien therefor as well.

It is claimed that an action to quiet title can not be maintained against the holder of a tax certificate alleged to be void because it has not ripened into an absolute title by a tax deed, and that it is not a cloud against which equity will grant relief.   A number of authorities are cited outside of Ohio to sustain such contention, but they are mainly in states where the separation of pleadings and proceedings of law and equity is still adhered to.

Section 5779, R. S., permits an action to quiet title against any person who claims an interest therein adverse to the plaintiff. This section construed in *Rhea* v. *Dick,* 34 O. S., 420, made it applicable to every lurking and unsubstantial claim or lien which may be asserted against real estate.   Bates in his Pleadings, Vol. 2, page 661, seriously doubts whether the existence of a remedy at law ousts the chancery jurisdiction of the court to entertain the bill under the statutory right.   On the same page he concedes the authorities outside of Ohio to question the right to sue in chancery where the claim is void on its face.

It was held in *State* v. *Godfrey,* 62 O. S., 18, that the purchaser at a delinquent sale does not become vested of the title by holding a mere certificate of purchase, but that it is a sale *of the interest of the owner* defeasible by redemption, and the lien of the state for taxes is conferred upon him.

Our Supreme Court, however, in the case of *Peck* v. *Wartous,* 30 O. S., 590, allowed a suit to quiet title against an erroneous

tax sale which had not ripened into a tax title. See also *Thomas v. White,* 2 O. S., 541.

*Tender of actual amount of taxes due not necessary before suit.* Authorities are cited to show that an action to quiet title can not be brought without tendering the actual amount due. Black on Tax Titles, Section 435; *Lancaster v. Duhadway,* 77 Ind., 565; *Gillette v. Webster,* 15 O., 623.

*Saxton v. Seiberling,* 48 O. S., 554, was an action to set aside a fraudulent deed, and the court permitted recovery without tender before suit on the plaintiff's offering to pay such amount as the court should find proper. Where in an action like the one at bar the amount properly due the defendant was uncertain in that all might be uncollectible and at least a portion of the taxes were illegal, and plaintiff had signified his willingness to pay whatever the court should find to be properly due, and the tender could only have affected the costs, the court will grant the relief prayed for upon payment of the proper amount due and the costs.

*The auditor can not issue refunders because of inaccurate descriptions.*

Where the number of a lot is properly charged in the name of the owner but there is an error of description in the first name of the owner of the subdivision, the county auditor is required to correct such error, but he can not under Section 1038, or under Section 2800, issue a refunder to a purchaser at a tax sale for taxes for the year during which he delivered the duplicate to the treasurer, and especially not for prior years because they are not "erroneous" taxes or "erroneously collected" from such payer. Such an error would undoubtedly destroy the effectiveness of a tax sale and a deed made thereunder. (*Waltz v. Hurts,* 24 W. L. B., 110). Such tax certificate may form the basis of a claim and lien for the amount of taxes paid with interest from the time of payment if such sale proved invalid because of any irregularity in the proceedings of the auditor, as provided by Section 2880.

Section 2886 provides that if the taxes charged on any lot are regularly paid and such land erroneously returned delinquent and sold for taxes, the sale thereof shall be void, and the money paid by the purchaser at such void sale shall be refunded to him out of the county treasury on the order of the county auditor. It is true

that lot 7 of *Thomas* F. Corry's subdivision was not delinquent. It was not attempted to be sold, but the lot similarly described as having been owned by Maggie Murphy was sold. She did own as lessee a lot in *James* A. Corry's subdivision, which was delinquent. While this section apparently justified the auditor's action, a proper construction does not do so. The refunder issued to Wiltsee did not return to him the money theretofore paid by him on the lot, cancel said payment and put the lot in the omitted list. The certificate held by Wiltsee, although surrendered to the auditor, is nevertheless a vitalized paper giving a lien on Maggie Murphy's lot 7 of James A. Corry's subdivision under Section 2880. If this was transferred to Meifeld as now claimed in his amended answer and cross-petition, then the plaintiff can not complain of any unlawful refunder to Wiltsee. This refunder did not justify the auditor in issuing to Meifeld a certificate for the taxes already paid by Wiltsee or for the penalties for the years 1897 and 1898.

The taxes however for December, 1899, and June, 1900, were by mistake simply remitted from Wiltsee's bill, and as they were not paid, but omitted, these were properly replaced on the auditor's books. The defendant is therefore entitled to repayment of the entire sum he paid out with the exception of the penalties for the years 1897 and 1898, with interest at six per cent. from the date of payment. If plaintiff will pay this sum and interest together with all costs of this action, his title will be quieted as prayed for.

Decree accordingly.

*John R. Von Seggern,* for plaintiff.

*A. B. Dunlap,* contra.