## FLICK *v.* STATE OF INDIANA.

[No. 26,278.   Filed January 9, 1935.]

*Simmons & Simmons,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *William E. Bussell,* Assistant Attorney-General, for the State.

ROLL, J.—This is a criminal action by the State of Indiana against appellant, Willis Flick, charging him with the crime of assault and battery with intent to kill and murder, and is based on Acts 1927, p. 580, §2417, Burns Supp. 1929, §10-401, Burns 1933, §2410, Baldwin's 1934.

Appellant was charged by affidavit in one count, to which he filed a motion to quash, which was overruled

by the court. Appellant waived arraignment and entered a plea of not guilty. There was a trial by jury and a verdict of assault and battery with intent to commit murder in the second degree.

Appellant filed a motion for a new trial which was overruled with proper exceptions reserved. Judgment was rendered on the verdict in accordance with the statute, and this appeal was duly perfected.

Two errors are assigned by appellant in this court: (1) the overruling of his motion to quash; and (2) the overruling of his motion for a new trial.

Appellant in his brief does not argue the first assigned error, but relies wholly upon the second.

Appellant in his motion for a new trial assigns as a reason therefor the giving by the court of its own motion instructions numbered 7⅜ and the refusal to give instructions numbered 7, 11, 46, and 51 submitted by appellant. Instruction No. 7⅜, of which appellant complains, reads as follows: "The Court instructs the jury that a person being in a place where he has a right to be and being without fault is violently assaulted by another with his fist under such circumstances that he has reasonable cause to believe and does believe that he is in danger of great bodily harm or of losing his life, then such person so assaulted may without retreating repel force by force as may seem to him reasonably necessary to protect his life or prevent his assailant from inflicting great bodily harm, and if while exercising such right the assailant is killed, the defendant is justified. And under such circumstances if the person assaulted has a reasonable belief that it is necessary in repelling such assault to use a deadly weapon he may do so if he acts honestly and reasonably believes such force necessary to repel such assault.

"And it is for you to determine from all the facts

and circumstances in this cause, whether the defendant at the time he inflicted the injury upon Lester F. Crisamore, reasonably believed it was necessary for him to inflict said injury in order to avoid great bodily harm or death to himself."

Appellant complains of the latter part of this instruction for the reason, it informed the jury that the defendant must have had a reasonable belief that it was necessary for him to inflict *said* injuries in order to avoid great bodily harm, before he can avail himself of the law of self-defense. The question thus presented has received the consideration of this court in several cases. Thus in the case of *Hicks* v. *State* (1875), 51 Ind. 407, 410, the following instruction was given to the jury: "The jury should find in behalf of the defendant, should they first find, beyond a reasonable doubt, from the evidence, that 'Moses Kinney was killed by the use of a deadly weapon, at the hands of one of the defendants; that the killing was done at a time when the defendant believed, and had reasonable cause to believe, that by the homicide alone could her own safety be secured."

It was there argued that the instruction was erroneous because it stated, in effect, that the defendant had no right to defend herself, unless, at the time, she believed it could only be done by the homicide of the deceased. The court in discussing the question made a very clear statement of the law on self-defense in the following words, p. 410: "The theory of self-defense is, that the party assailed has the right to repel force by force, and he need not believe that his safety requires him to kill his adversary in order to give him the right to make use of force for that purpose. When his life is in danger, or he is in danger of great bodily harm, or when, from the acts of the assailant, he believes, and has reasonable ground to believe, that he is

in danger of losing his life or receiving great bodily harm from his adversary, the right to defend himself from such danger, or apprehended danger, may be exercised by him, and he may use it to any extent which is reasonably necessary. He need not believe that he can only defend himself by taking the life of his assailant. If the death of his assailant results from the reasonable defense of himself, he is excusable, whether he intended that consequence or not, or whether he believed such result was necessary or not."

We think the above excerpt clearly states the law of self-defense and should be applied in this case.

Again in the case of *Trogdon* v. *The State* (1892), 133 Ind. 1, 9, 32 N. E. 725, the court, quoting Bishop on Criminal Law §853, says: "Nor is it necessary that he should believe it necessary to take the life of his assailant. If the death of his assailant results from his reasonable defense of himself he is excusable, whether he intended that consequence or not, or whether he believed such result was necessary or not."

In a proper case the assaulted party has a right to meet force by force; and if, in a proper defense of himself a certain injury is inflicted, he may be excused without a belief on his part that it was necessary to inflict the particular injury which was inflicted. The particular injury inflicted is simply the result of the defense. *McDermott* v. *State* (1883), 89 Ind. 187, and cases cited.

We are of the opinion the instruction here in question was clearly erroneous and not in harmony with the law of self-defense as laid down by our decisions. It placed an added burden upon the defendant, viz, to show that he believed or had good reasons to believe that it was necessary to inflict the particular injury. It is sufficient to invoke the rule of self-defense, when it is shown that he is in a place he had a right to be, and

without fault on his part, is violently assaulted by another and under such circumstances that he believes or had reasonable cause to believe that he is in danger of great bodily harm or of losing his life, then he may, without retreating, repel force by force to any extent which is reasonably necessary. He may in such cases make use of a deadly weapon if its use is reasonably necessary, in the reasonable defense of himself, and if he inflicts a severe wound on his assailant or even causes his death, he will be excused therefrom whether he believes it necessary to inflict the particular wound or not, or causes the death of his assailant. (See authorities above cited.) *Bryant* v. *State* (1886), 106 Ind. 549, 7 N. E. 217, and other cases cited.

It is true that other instructions were given on the rule of self-defense, but none of them in any way modified, explained, or withdrew the above erroneous instruction. An erroneous instruction is not corrected by giving a correct one, unless the improper one is withdrawn. Conflicting instructions confuse the jury, and it is impossible to determine which instruction they followed. The evidence in this case was such that the defendant was entitled to a correct statement of the law of self-defense. Appellant's instruction No. 7, refused by the court, was as follows: "The theory of self-defense is, that the party assailed has the right to repel force by force, and he need not believe that his safety requires him to kill his adversary in order to give him the right to make use of force for that purpose. When his life is in danger or he is in danger of great bodily harm, or when from the acts of the defendant's assailant, he believes, and has reasonable ground to believe that he is in danger of great bodily harm from his adversary, the right to defend himself from such danger or apparent danger may be exercised by him, and he may use it to any extent which

is reasonably necessary. He need not believe that he can only defend himself by taking the life of the assailant. If the death of his assailant results from the reasonable defense of himself, he is excusable, whether he intended that consequence or not, or whether he believed such result was necessary or not."

This instruction correctly states the law of self-defense, and was applicable to the facts as disclosed by the record, and should have been given.

For the above reason the judgment of the lower court must be reversed. Other questions are presented by the record, but as they may not arise on a retrial of the cause, it is not necessary for us to consider them.

Judgment reversed with instruction to the trial court to grant a new trial.