STEARNS *v.* STATE OF INDIANA.

[No. 29,283. Filed May 10, 1956.]

*William H. Sparrenberger,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal in forma pauperis from a judgment on a finding that appellant was guilty

of assault and battery with intent to commit the felony of rape on a female child under sixteen (16) years of age as charged in an indictment, upon which he was sentenced for a term not less than one (1) nor more than ten (10) years. The error assigned on appeal is the overruling of appellant's motion for new trial.

Appellant was represented by counsel, entered a plea of not guilty, and waived a trial by jury. The evidence, when viewed most favorably to the state, discloses the following:

The prosecutrix, who was fourteen (14) years of age, was walking home with her sister aged twelve years, the night of May 8, 1954, at about 9:50 o'clock in the City of Indianapolis. The girls saw appellant in the light coming from a funeral home on Weghorst Street, and he turned and started to follow them on East Street, when appellant grabbed the prosecutrix around her knees and shoved her down on the grass on the front yard of a private home. She struggled, screamed, and hit him over the head with an overnight case, and momentarily escaped from his grasp, when he grabbed her again by her knees and threw her on the grass. She said he was on top of her, but she struggled and hit him again, and continued to scream. Her sister continued screaming from the first attack. An occupant of the premises where the attack occurred turned on the porch light, and appellant ran away.

The girls ran to their home at 526 East Minnesota Street, told their father, and the police were called. The father took the prosecutrix to the place of the attack, and some police officers were already there. Then the father took her in his truck to look for appellant, and in about thirty minutes saw him, whereupon the father seized him and held him while the prosecutrix called the police, who soon arrived and arrested appellant.

Appellant said nothing during the attack, but did not attempt to rob either girl. Neither child smelled intoxicating liquor upon him. Appellant testified in his own behalf and denied the attack. Both girls said they had seen appellant at various times in a tavern near there, and sometimes in a park. The prosecutrix said he wore a plaid jacket, blue jeans, black shoes, but no hat at the time of the attack. There was no evidence to contradict this description.

Appellant testified he was pretty well intoxicated in the afternoon and had been sick about the time of the attack, but there was evidence he had run away when the porch light came on, and that the father of the prosecutrix had trouble subduing him when he seized him.

"Intent is a mental function, and, where not consummated, it is impossible to know with absolute certainty what was operating in the actor's mind, and in such cases it must be arrived at by courts and juries from a consideration of the conduct and the natural and usual sequence to which such conduct logically and reasonably points." *Hanes* v. *State* (1900), 155 Ind. 112, 116, 57 N. E. 704. The trial judge had the right to draw the reasonable inference that appellant intended sexual intercourse with the prosecutrix when he perpetrated the assault and battery upon her. Her testimony was corroborated, and *Burton* v. *State* (1953), 232 Ind. 246, 111 N. E. 2d 892, is no precedent that helps appellant. The finding was sustained by sufficient evidence and it was not contrary to law.

Judgment affirmed.

Landis, Achor and Arterburn, JJ., concur.

Bobbitt, C. J., concurs in the result.

NOTE.—Reported in 134 N. E. 2d 148.