HEGLIN *v.* STATE OF INDIANA.

[No. 29,447.   Filed February 11, 1957.]

*Albert H. Gavit,* of Gary, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Robert M. O'Mahoney,* Deputy Attorneys General, for appellee.

ARTERBURN, J.—Appellant was convicted of an attempted first degree murder. The affidavit upon which the conviction was based reads as follows:

> ". . . did then and there unlawfully, feloniously, purposely and with premeditated malice, . . . unlawfully shoot at . . . and thereby wound one Charles Kristute . . . with intent then and there . . . feloniously, purposely, and with premeditated malice, to kill said Charles Kristute, . . ."

He was found "guilty as charged." The shooting was admitted. The defense was that the appellant, a uniformed Brink's guard, while performing his duties guarding a shipment during delivery, shot a stranger, Kristute, in a bank lobby.

This appeal questions the sufficiency of the evidence to sustain the conviction, mainly on the ground that there was no evidence of premeditated malice as charged in the indictment.

There is substantial agreement in the evidence. It shows that one Kristute came into the bank lobby just before closing time. He had been drinking, his mannerism caused some commotion. He moved at a quick pace towards the appellant and another uniformed armed Brink's Express man. This was towards a door not used by customers of the bank, and where a delivery was being made. Appellant, whose back was turned, heard the commotion, turned and saw Kristute approaching within four to six feet. Appellant immediately fired once, hitting Kristute about the hip with a .38 caliber Colt revolver. Kristute, although seriously

injured, was not killed. At the trial Kristute told a story of being in the line of customers of the bank when shot as a result of an unprovoked attack by the appellant. This story was not supported by a single witness, and was so fantastic in some respect that the state in the argument before this court conceded that it was incredible, and should not be accepted as factual for the purposes of this appeal. Otherwise, the evidence coming from spectators in the bank at the time is practically undisputed.

The victim was a stranger, unknown to the appellant, about whom he could have no preconceived plan to kill until he saw him a split second prior to the shooting. Appellant said he believed Kristute was armed, and under the circumstances that he was being attacked by him. He had no time to deliberate, and at the same time had a duty to protect himself and the property he was guarding. Appellant was an expert marksman, trained for his work. We may assume he could have killed Kristute at six feet with one shot. Appellant had the opportunity to continue to shoot until Kristute was dead. Instead he was hit low with one shot. Appellant says he aimed low purposely to avoid killing. A man has a right to act upon appearances of actual and immediate danger, if he sincerely believes such apparent danger exists. The danger need not be actual. It need be only apparent to a reasonable person under the circumstances. The law protects persons who feel compelled to act at such times even though in retrospect it is proved they have erred. The law takes into consideration the surrounding circumstances under which the events took place. *Hughes* v. *State* (1937), 212 Ind. 577, 10 N. E. 2d 629; *Brannin* v. *State* (1943), 221 Ind. 123, 46 N. E. 2d 599; *West* v. *State* (1877), 59 Ind. 113; *Hicks* v. *State* (1875), 51 Ind. 407.

The circumstances here were not commonplace such as that of an average person meeting another one on the street or in the home. Here, the atmosphere ■ in the bank was charged with some tension while the appellant was acting as a guard over large sums of money and other valuables. The victim Kristute was moving about in a highly unorthodox manner. The law does not use hindsight as a measure of reasonable conduct under circumstances such as these. *Flick* v. *State* (1935), 207 Ind. 473, 193 N. E. 603; 26 Am. Jur., Homicide, §138, p. 251; 40 C. J. S., Homicide, §125, p. 1001.

This is not the case of a criminal who arms himself, and goes out to commit a crime with a premeditated intent to kill in general whomever interferes ■ with his plans or designs. Here there was very little, if any, time lag or interval between the intent, if any, to kill and the act of shooting. If there was any premeditated malice motivating the shooting in this case, it had to be formed and deliberated upon in the instant the gun was aimed and fired. The state contends that premeditated malice in law involves no appreciable time element. Although this may be technically the law, and a possibility, it is not a probability or reasonable inference to be drawn without facts to support it. Premeditation by its very nature is not instantaneous, but requires some time interval. It follows that the shorter the time interval between the evidence of any intent to kill and the killing, the less time there is for premeditation and a deliberate plan to kill. It is of the very essence of the crime that there should be time and opportunity for deliberation or premeditation after the intent to kill has been formed in the mind. *Everett* v. *State* (1935), 208 Ind. 145, 195 N. E. 77; *Aszman* v. *State* (1890), 123 Ind. 347, 24 N. E. 123, 8 L. R. A. 33; *Fahnestock* v. *State* (1864),

23 Ind. 231; *Koerner* v. *State* (1884), 98 Ind. 7; *Lloyd* v. *State* (1934), 206 Ind. 359, 189 N. E. 406; 26 Am. Jur., Homicide, §42, p. 186; 40 C. J. S., Homicide, §33 (d) p. 889.

With the facts as they exist, we fail to find any reasonable inference of a premeditated plan or design to kill Kristute in this case. The appellant has been charged with an attempt to commit murder in the first degree—that is to kill with premeditated malice. There must be some evidence of premeditation. Premeditation is a mental condition. It is impossible to know with certainty what is operating in another's mind except by external acts or statements. We have no right to speculate, and guess as to any fact constituting an element in a crime. In the absence of any such acts or statements upon which an inference of premeditated malice may be based, the jury or court has no right to conclude that such premeditation existed. *Aszman* v. *State, supra,* (1890), 123 Ind. 347, 24 N. E. 123, 8 L. R. A. 33; *Hamilton* v. *State* (1895), 142 Ind. 276, 41 N. E. 588; *Stearns* v. *State* (1956), 235 Ind. 391, 134 N. E. 2d 148. Here, on the contrary, what evidence there is, points in the direction away from the conclusion that a premeditated plan and design to murder existed. We do not believe if Kristute had died as a result of the shot he received, the appellant could be found guilty of murder in the first degree under the limited evidence presented in this case. *Brown* v. *State* (1934), 206 Ind. 223, 189 N. E. 133; *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27.

Kristute, not the appellant, is responsible for creating the circumstances and conditions which resulted in his shooting. It is just as important to the law that the innocent people, even though they may have used poor judgment or acted foolishly in retrospect, not be convicted, as that the guilty be con-

victed. Injury resulting from poor or foolish judgment is a matter for the civil courts, not the criminal courts. *Miller* v. *State* (1944), 223 Ind. 50, 58 N. E. 2d 114.

This was an unfortunate incident, no doubt to be regretted by all parties, but that does not constitute a crime, neither does negligence or poor judgment under the circumstances here, constitute a crime of the degree charged. Under *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641, we held that if the evidence was such that no reasonable man could find the appellant guilty, a finding of guilty was contrary to law, and not sustained by sufficient evidence. Under the facts here there is such an insufficiency in the evidence that no reasonable man could find the appellant guilty of the offense charged or any included offense.

It is our opinion the evidence will not differ upon a retrial, and there is an essential element lacking therein necessary to constitute a criminal offense in this case, the appellant should be discharged. Acts 1905, ch. 169, §338, p. 584, being §9-2324, Burns' 1956 Replacement.

The judgment of the trial court is reversed, and it is directed that appellant be discharged.

Achor, C. J., Emmert, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 98.